IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC CLERK, CHARLESTON, SC
2011 MAR -9 P 3: 57

| | |
|---|---|
| IN RE FORCE PROTECTION, INC. SECURITIES LITIGATION ) ) ) ) ) ) ) | Consolidated Civil Action No. 2:08-cv-845-CWH<br><br>**ORDER AND FINAL JUDGMENT** |

This matter came before the Court for hearing on January 25, 2011 (the "Settlement Hearing"), pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated October 5, 2010 ("Order"), on the application of the parties for approval of the Stipulation of Settlement dated September 27, 2010 (the "Stipulation"). Whereas the Court has considered all matters submitted to it at the Settlement Hearing and otherwise and the entire matter of the Settlement; it appears that a Notice of Pendency and Proposed Settlement of Class Action ("Notice") substantially in the form approved by the Court was mailed to all Class Members (as defined below) as shown by the records of Force Protection, Inc.'s ("Force Protection" or the "Company") transfer agent, at the respective address set forth in those records; a Summary Notice of the Settlement substantially in the form approved by the Court was published as directed by the Court in the Order; the Settling Parties have appeared by their attorneys of record; the attorneys for the Settling Parties have been heard in support of the Settlement; and an opportunity to be heard was given to all other persons desiring to be heard as provided in the Notice; IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

3. In accordance with Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for settlement purposes only, a class (the "Class") is hereby certified as follows: all persons or entities (and their beneficiaries) who purchased or otherwise acquired the publicly traded securities of Force Protection between January 18, 2007 and March 14, 2008, inclusive (the "Class Period"). Excluded from the Class are the Defendants; members of the immediate families of the Defendants; any entity in which any Defendant or family member has or had a controlling interest; the former and current officers and directors of Force Protection; or the legal affiliates, representatives, controlling persons, predecessors-in-interest, heirs, assigns, or any other successors-in-interest of any such excluded party. Also excluded from the Class are those persons listed on Exhibit 1 hereto.

4. With respect to the Class, this Court finds that, for settlement purposes only, the prerequisites under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of members of the Class (the "Class Members") is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class Members which predominate over any questions affecting only individual Class Members; (c) the claims of Lead Plaintiffs are typical of the claims of the Class; (d) Plaintiffs' Co-Lead Counsel have represented, and will fairly and adequately represent, the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for settlement purposes only, the Court certifies Laborers' Annuity and Benefit System of Chicago, Gary

Page 2 of 10



Trautman, David J. Jager, Panteli Poulikakos, and Niki Poulikakos as class representatives for the Class. For settlement purposes only, Pomerantz Haudek Grossman & Gross LLP and Berman DeValerio are hereby appointed as Co-Lead Counsel for the Class.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

7. The Court finds that the Stipulation and the Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and the Settlement are hereby finally approved in all respects.

8. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation with prejudice and without costs (except as otherwise provided in the Stipulation).

9. Upon the Effective Date hereof, Lead Plaintiffs, each and all of the Class Members (except those persons identified in Exhibit 1 attached hereto), and Plaintiffs' Counsel shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against any and all Released Persons, and shall forever be enjoined from prosecuting the Released Claims, regardless of whether such Class Member executes and delivers a Proof of Claim and Release.

10. Upon the Effective Date hereto, each of the Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Plaintiffs'



Counsel from all Settled Defendants' Claims, and shall forever be enjoined from prosecuting such claims.

11.   Lead Plaintiffs, Plaintiffs' Counsel, each and all of the Class Members, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred, enjoined, and restrained forever from instituting, commencing, prosecuting, or continuing to prosecute, either directly or in any other capacity, the Litigation or any other action or proceeding in any court of law or equity, arbitration tribunal, administrative forum of any kind, asserting against any of the Released Persons, and each of them, any of the Released Claims.

12.   The Court hereby awards the payment of attorneys' fees to Plaintiffs' Counsel in the amount of 25% of the Settlement Fund, and the payment of $381,376.76 to Plaintiffs' Counsel as reimbursement of expenses incurred in prosecuting this action. The Court finds that these amounts are fair and reasonable in light of the work performed by Plaintiffs' Counsel on behalf of the Class Members. The expenses are payable on the date of this Order. The attorney's fees shall be distributed as follows: fifty percent (50%) payable on the date of this Order; and fifty percent (50%) payable after all other funds in the Settlement Fund have been disbursed.

13.   The Court hereby awards payments of $15,000 to each of the Lead Plaintiffs as Compensatory Awards.

14.   The Court hereby finds that the Notice provided to the Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed

Settlement fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, § 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995, 28 U.S.C. § 1715, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

15. Any appeal from this Court's order(s) approving the Plan of Allocation, the Fee and Expense Award, and/or any Compensatory Awards to Lead Plaintiffs shall in no way disturb or affect this Order and Final Judgment or its Finality and shall be considered separate from this Order and Final Judgment.

16. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as evidence of any presumption, concession, or admission by any of the Defendants or their respective Related Parties with respect to the truth of any allegations by any of the Plaintiffs or the validity of any Released Claim, or of any wrongdoing, liability, negligence, or fault of Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as evidence of any presumption, concession or admission of any fault, misrepresentation or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and/or their respective Related Parties may file the Stipulation and/or this Order and Final Judgment from this action in any other action in which they are parties or that may be brought against them in order to support a defense, claim, or counterclaim based on principles of <u>res judicata</u>, collateral estoppel, release,

good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Without affecting the Finality of this Order and Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

18. Pursuant to 15 U.S.C. § 78u-4(c)(1), the Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

22. As used in this Order, the following terms have the following meanings:

(a) "Released Parties" means, with respect to each Defendant, the immediate family members, heirs, executors, administrators, successors, assigns, present and former



employees, officers, directors, general partners, limited partners, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Defendant or in which any Defendant has or had a controlling interest, and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, general partners, limited partners, employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them, as well as all current and former Force Protection directors and officers and each of their immediate family members, heirs, executors, administrators, successors, assigns, present and former employees, officers, directors, general partners, limited partners, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them.

    (b)    "Released Claims" means any and all rights, debts, demands, claims (including "Unknown Claims" as defined below) or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class and/or individual in nature, including both known claims and unknown claims that relate to the purchase or acquisition of the securities of Force Protection during the Class Period and that (a) Lead Plaintiffs or any member of the Class asserted, or could have asserted in this Litigation against any of the Released Persons; or (b) could have been asserted in this Litigation, or in any other action or forum by Lead Plaintiffs and/or the Class Members or any of them against any of the Released Persons which arise out of, are based upon, or are in any way related, directly or indirectly, to any of the facts, matters,

allegations, transactions, events, disclosures, statements, acts or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or that could have been alleged in the Complaint; **provided, however,** that the Released Claims do not include (i) any claims to enforce the terms of this Stipulation; (ii) any claims by Force Protection or any of its present or former directors, officers, or employees (or any other person or entity who is covered by the relevant insurance policies) against the current or former insurers of Force Protection; or (iii) any claims asserted in the following derivative litigations:

- Green v. Frank Kavanaugh, et al., Civ. A. No. 2:08-Cv-1904-CWH, U.S.D.C. D.S.C.;

- Galbraith v. Frank Kavanaugh, et al., Civ. A. No. 2:08-Cv-1907-CWH, U.S.D.C. D.S.C.;

- Cinotto v. Frank Kavanaugh, et al., Civ. A. No. 2:08-Cv-1998-CWH, U.S.D.C. D.S.C.;

- Luu v. Frank Kavanaugh, et al., Civ. A. No. 2:08-Cv-2019-CWH, U.S.D.C. D.S.C.;

- In re Force Protection Inc. Derivative Litigation, Master File No. 2:08-1907-CWH;

- Stephenson v. Frank Kavanaugh et al., Civ. A. No. 08-Cp-10-1735, Court of Common Pleas, Ninth Judicial Circuit, S.C.;

- Hughes v. Michael Moody, et al., Civ. A. No. 08-Cp-10-2444, Court of Common Pleas, Ninth Judicial Circuit, S.C.;

- Vitale v. Frank Kavanaugh, et al., Civ. A. No. 09-Cp-10-2216, Court of Common Pleas, Ninth Judicial Circuit, S.C.;

- Vitale v. Gordon Mcgilton, et al., Case No. A560860, District Court of Clark County, Nevada.

(c)     "Released Persons" means any and all of the Defendants and each and all of their Related Parties.



(d)     "Settled Defendants' Claims" means all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Litigation or any forum by the Defendants against the Lead Plaintiffs, Class Members, or Plaintiffs' Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Litigation (except for claims to enforce the Settlement); **provided, however**, that "Settled Defendants' Claims" shall not include any claims to enforce the terms of this Stipulation.

e)     "Unknown Claims" means any of the Released Claims which Lead Plaintiffs or any Class Member does not know or suspect to exist in such party's favor at the time of the release of the Released Persons which, if known by such party, might have affected such party's decisions concerning the Settlement. With respect to any and all Released Claims, upon the Effective Date, the Lead Plaintiffs and the Class Members shall expressly waive, and by operation of the Order and Final Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Class Members, by operation of the Order and Final Judgment, shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. The Class Members may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Claims, but the Class Members, upon the Effective Date, by



Page 9 of 10

operation of the Order and Final Judgment, shall have fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

March 8, 2011
Charleston, South Carolina

# **Exhibit 1**

Names of Claimants Requesting Exclusion

1. Suryanarayana Gorthy: Austin, Texas; zip code: 78754

2. Kiyang Yoon: Succasunna, New Jersey; zip code: 07876

3. Susan Steele: Mill Valley, California; zip code: 94941

4. Gordon C. Crowell: Lincolnton, North Carolina; zip code: 28092

5. Michael and Shannon Gaydeski: Richlands, North Carolina; zip code 28574

